UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGAN N. BELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:24-cv-04513 |
| OVERLAND BOND & INVESTMENT CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** MEGAN N. BELL ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of OVERLAND BOND & INVESTMENT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages for Breach of Contract stemming from Defendant's unlawful conduct, and for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant regularly conducts business in the Northern District of Illinois, a substantial portion the events or omissions

1

giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in Chicago, Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering loans and collecting or attempting to collect, directly, or indirectly, debts owed or due using mail and telephone to contact consumers across the country, including consumers located in the state of Illinois. Defendant is a furnisher of information to the major credit reporting agencies, including TransUnion, Equifax and Experian. Defendant is a domestic corporation and maintains it principal place of business at 4701 W. Fullerton Ave., Chicago, IL 60639.

**FACTS SUPPORTING CAUSES OF ACTION**

7. On November 6, 2020, Plaintiff commenced a lawsuit against Defendant with the American Arbitration Association ("AAA"). Plaintiff sought redress for alleged violations of various consumer protection statutes ("underlying lawsuit"). *See* AAA Case No. 01-21-0000-2289.

8. On February 25, 2021, Plaintiff and Defendant amicably resolved all claims in connection with the underlying lawsuit, resulting in a valid contract exchange for consideration between the two parties.

9. Despite Plaintiff's performance of her obligation in connection with the settlement agreement, Defendant failed to uphold its performance required by the settlement agreement.

10. Defendant's breach of the settlement agreement has harmed and continues to harm Plaintiff as she has been denied benefit of the bargain and continues to see a series of negative effects as a result of said breach.

11. The negative effects have resulted in Defendant violating the Fair Credit Reporting Act ("FCRA") as well as violations identified within the underlying lawsuit.

12. Despite the settlement agreement, Defendant failed to cease reporting its account ("subject account") on Plaintiff's credit reports. Such action taken by Defendant was not in accordance with the resolution between the two parties.

13. Notwithstanding Plaintiff's good-faith effort to uphold her performance of the parties' agreement, Defendant failed to perform its duties outlined by the settlement agreement, causing a breach of contract and violations to the FCRA.

14. Specifically, Defendant continues to report the subject account to Transunion with a balance of $14,177, and a past due amount of $3,318, until today.

15. In March 2024, Plaintiff sent a written dispute letter regarding the accuracy of the derogatory and erroneous balance information reported by Defendant pertaining to the subject account, directly to Equifax, TransUnion and Experian.

16. Unfortunately, on April 2, 2024, Transunion and Defendant verified the inaccurate subject account as accurate, causing harm to Plaintiff's credit worthiness.

17. Upon information and belief, Defendant received notice of Plaintiff's March 2024, dispute within five days of Plaintiff initiating the dispute with Equifax, TransUnion, and Experian.

18. Defendant failed to correct the derogatory and erroneous trade line despite having actual knowledge of Plaintiff's dispute letter with TransUnion regarding the subject account identified in the settlement agreement.

19. Defendant willfully failed to conduct a proper investigation and correct the inaccurate reporting of the subject account to the consumer reporting agencies and to the detriment of the consumer Plaintiff.

20. Defendant is willfully reporting derogatory and inaccurate information about Plaintiff to the consumer reporting agencies.

21. Any reasonable investigation engaged by Defendant would have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

22. The erroneous reporting of subject account paints a false and damaging image of Plaintiff. After it was provided notice by Plaintiff, TransUnion, Equifax, and Experian, Defendant did not update its trade line to accurately reflect that Plaintiff's dispute of the subject account on Plaintiff's TransUnion credit report.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

24. The inaccurate reporting of the subject account had significant adverse effects on Plaintiff's credit rating because it created a false impression that Plaintiff is obligated to pay Defendant more than what was stipulated to in the settlement agreement, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

25. As a result of actions, and inaction of the Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically time expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

26. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit file.

## COUNT I – BREACH OF CONTRACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The underlying settlement's governing law clause provides that it is to be governed by and construed in accordance with Illinois law.

29. The underlying settlement was a valid contract entered between assenting parties for consideration. In exchange for Plaintiff foregoing further pursuit of her claims outlined in the underlying litigation, Defendant specifically agreed to delete the credit reporting of the subject debt; however, despite all conditions for Defendant to comply with the Settlement Agreement, Defendant failed to delete the tradeline resulting in damages to Plaintiff.

30. Defendant's failure to delete the credit reporting pursuant to the parties mutual agreement constitutes a breach of the underlying settlement.

**WHEREFORE**, Plaintiff, MEGAN N. BELL, respectfully requests that this honorable Court enter judgment in her favor as follows:

    a. Declaring Defendant's conduct complained of to constitute a breach of the underlying settlement;

    b. Awarding Plaintiff actual damages in an amount to be determined at trial;

    c. Awarding Plaintiff specific performance in connection with the underlying settlement;

    d. Awarding Plaintiff prejudgment interest;

    e. Awarding Plaintiff costs and reasonable attorney fees;

  f.  Enjoining Defendant from further breaching any agreements between the parties; and;

  g.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

33. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

34. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

35. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

36. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

37. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

38. Had Defendant reviewed the information provided by TransUnion and Plaintiff, it would have corrected the inaccurate designation of the subject account, transmitting the correct information to TransUnion. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

39. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion.

40. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

41. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, correct, or the inaccurate information in Plaintiff's credit files.

42. Defendant failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or correct the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

43. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

44. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

45. Had Defendant taken steps to investigate Plaintiff's valid disputes or TransUnion requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

46. By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE**, Plaintiff, MEGAN N. BELL respectfully requests that this honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately modify all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2024                                         Respectfully Submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 150
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*